

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 1:07-CR-231(2)** |
| **DESMOND ARNEZ NIXON** | § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On March 6, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Desmond Arnez Nixon, on **Count 1** of the charging **Information**[1] [Clerk's doc. #61] filed in this cause on March 4, 2008. Count 1 of the

---

[1] At the guilty plea hearing, the Defendant executed a waiver of Indictment.

Information charges that on or about November 3, 2007, in the Eastern District of Texas, Desmond Arnez Nixon, Defendant herein, while having knowledge of the actual commission of a felony recognizable by a court of the United States, namely, possession with intent to distribute five (5) grams or more but less than fifty (50) grams of a Schedule II controlled substance, namely, a cocaine mixture or substance containing a detectable amount of cocaine, to wit; "crack cocaine", did knowingly conceal the same by lying to law enforcement officers about his knowledge of the same, and did not as soon as possible make known the same to some judge or other person in civil authority under the United States, in violation of Title 18, United States Code, Section 4.

Defendant, Desmond Arnez Nixon, entered a plea of guilty to Count 1 of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the

plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

    d.    That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 4.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty. The Government and Defendant agreed that the Government would have proven that Defendant is one and the same with the person charged in the Information and that the events described in the Indictment occurred on the dates and in the places alleged in the Eastern District of Texas. The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven certain stipulated facts set forth in the *Factual Basis,* on file in the record of this cause, as follows:

That on November 3, 2007, at approximately 12:30 a.m., Beaumont, Texas, Police

Department (BPD) Officer Scott Lisenby (Officer Lisenby) was walking his police service dog through the parking lot of the Club El Dorado in Beaumont, Texas. Officer Lisenby's police service dog, "Rocky," is a trained narcotics detection dog. Rocky alerted to narcotics in a stationary, four-door Pontiac Grand Am (the car) that was occupied by two individuals: Kendrick Wayne Leday (Leday), the driver, and Desmond Arnez Nixon (Nixon), the front seat passenger.

At the request of Officer Lisenby, Leday and Nixon exited the car. Officer Lisenby walked Rocky around the car and Rocky alerted to narcotics in the center console area of the car. Officer Lisenby searched the center console area and located a cloth bag between the center console and the shifter, within the reach of both front-seat occupants.

Inside the cloth bag, Officer Lisenby located two clear plastic bags: One bag contained suspected powder cocaine, and the other bag contained suspected "crack" cocaine. The Government would show that Nixon knew that Leday was in possession of said "crack cocaine," but when asked by Officer Lisenby, Nixon denied having any knowledge Leday was in possession of said "crack" cocaine. Officer Lisenby then searched Nixon and Leday incident to their arrest and located on Leday's person $3,000 folded in $100 increments.

Jefferson County Regional Crime Laboratory analyst Rebekah Sweetenham tested the suspected narcotics in this case and made the following conclusions: The suspected "crack" cocaine is a Schedule II controlled substance, namely, a cocaine mixture or substance containing a detectable amount of cocaine base, to wit: "Crack" cocaine weighing 18.92 grams. The suspected powder cocaine is a Schedule II controlled substance, namely cocaine hydrochloride

weighing 36.56 grams.

Experts in drug trafficking would testify that the 18.92 grams of "crack" cocaine found in Nixon and Leday's possession, as described herein, was possessed with the intent to distribute and not for personal consumption. Experts in drug trafficking would further testify that the 36.56 grams of cocaine hydrochloride found in Nixon and Leday's possession, as described herein, was possessed with the intent to distribute and not for personal consumption.

Defendant, Desmond Arnez Nixon, agreed with the facts set forth by the Government, as explained above, and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** [Clerk's doc. #61], filed March 4, 2008, on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[2] Accordingly, it is further recommended

---

[2] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent

that, Defendant, Desmond Arnez Nixon, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 4.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written

---

the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of March, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE